Copy

1  Gregory L. Torres (State Bar No. 221817)
   glt@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   550 North Brand Boulevard, Suite 1500
3  Glendale, California 91203-1922
   Telephone: (818) 547-5000
4  Facsimile: (818) 547-5329

5  Attorneys for Defendant
   KIMPTON HOTEL & RESTAURANT GROUP, LLC
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 JAMIE LOOP, individually, and on behalf of    ) No. CV12-08177(DW((WX)
   all others similarly situated,                )
12                                               ) NOTICE OF REMOVAL OF ACTION;
              Plaintiff,                          ) UNDER 28 U.S.C. SECTION 1441(a)
13                                               ) (FEDERAL QUESTION)
              v.                                  )
14                                               )
   HOTEL PALOMAR LOS-ANGELES               )
15 WESTWOOD, an entity of unknown form;    )
   KIMPTON HOTEL & RESTAURANT             )
16 GROUP, LLC, a limited liability company; )
   NATIONAL LINK, INC., a California        )
17 corporation; and DOES 1 to 20, Inclusive, )
                                                 )
18            Defendants.                         )
                                                 )
19

20         TO THE CLERK OF THE ABOVE ENTITLED-COURT:

21         PLEASE TAKE NOTICE that defendant KIMPTON HOTEL & RESTAURANT

22 GROUP, LLC, removes to this Court the state court action described below.

23         1.    On August 14, 2012, an action was commenced in the Superior Court of the

24 State of California in and for the County of Los Angeles, entitled JAMIE LOOP,

25 individually, and on behalf of all others similarly situated, Plaintiff, vs. HOTEL

26 PALOMAR LOS-ANGELES WESTWOOD, an entity of unknown form; KIMPTON

27 HOTEL & RESTAURANT GROUP, LLC, a limited liability company; NATIONAL

28 LINK, INC., a California corporation; and DOES 1 to 20, Inclusive, defendants, as case

KNAPP,
PETERSEN
& CLARKE

-1-

1565672.1 02277/00001

1  number SC118073, attached hereto as Exhibit "1" (the "Complaint").

2    2.    The first date upon which defendant KIMPTON HOTEL & RESTAURANT

3  GROUP, LLC, received a copy of the said complaint was August 23, 2012, when defendant

4  was served with a copy of said Complaint and a summons from said state court.  A copy of

5  the summons is attached hereto as Exhibit "2" (the "Summons").

6    3.    The Complaint is a civil action of which this Court has original jurisdiction

7  under 28 U.S.C. § 1331, and is one which may be removed to this court by defendants

8  pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under 15 U.S.C. §1693, et.

9  seq.

10    4.    Defendant KIMPTON HOTEL & RESTAURANT GROUP, LLC is informed

11  and believes, and thereon alleges, that defendant HOTEL PALOMAR LOS-ANGELES

12  WESTWOOD has not yet been served with the Summons and Complaint.

13    5.    Defendant KIMPTON HOTEL & RESTAURANT GROUP, LLC is informed

14  and believes, and thereon alleges, that defendant NATIONAL LINK, INC. was only

15  recently served with the Summons and Complaint and, in the near future, will file a Joinder

16  in this Notice of Removal.

17  Dated:  September 21, 2012                KNAPP, PETERSEN & CLARKE

18

19                                          By: _____

20                                          Gregory L. Torres
                                            Attorneys for Defendant
21                                          KIMPTON HOTEL & RESTAURANT
                                            GROUP, LLC
22

23

24

25

26

KNAPP,    27
PETERSEN
& CLARKE  28

                                          -2-

**EXHIBIT 1**

NEWPORT TRIAL GROUP
A Professional Corporation
Steven R. Telles, Bar No. 246514
stelles@trialnewport.com
Victoria C, Knowles, Bar No. 277231
vknowles@trialnewport.com
895 Dove Street, Suite 425
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 14 2012

John A. Clarke; Executive Officer/Clerk

By M. Vanderman, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

H. CHESTER HORN, JR.

| | |
|---|---|
| JAMIE LOOP, individually, and on behalf of all others similarly situated, | Case No.: SC118073 |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| HOTEL PALOMAR LOS-ANGELES WESTWOOD, an entity of unknown form; KIMPTON HOTEL & RESTAURANT GROUP, LLC, a limited liability company; NATIONAL LINK, INC., a California corporation; and DOES 1 to 20, Inclusive, | **CASE MANAGEMENT CONFERENCE** |
| | DEC 0 3 2012   8:30 I |
| Defendants. | Date |

Plaintiff JAMIE LOOP, individually and on behalf of all others similarly situated ("Plaintiff"),

alleges on information and belief:

## I.   INTRODUCTION

1.      Defendants HOTEL PALOMAR LOS-ANGELES WESTWOOD, KIMPTON HOTEL

& RESTAURANT GROUP, LLC, and NATIONAL LINK, INC. (collectively, "Defendants") have

been violating the Electronic Funds Transfers Act, 15 U.S.C. § 1693 *et seq.*, and its implementing

regulations, 12 C.F.R. § 205 *et seq.* (collectively, the "EFTA") by failing to post a statutorily required

fee notice to users of its Automated Teller Machine ("ATM") located at their hotel in Los Angeles,

California. The EFTA imposes strict liability against Defendants for their violations, which makes this

a very straightforward action. *See e.g., Burns v. First American Bank*, 2006 WL 3754820, at *6

- 1 -
CLASS ACTION COMPLAINT

Exhibit "1"

3

1  (N.D.Ill., Dec. 19, 2006). Moreover, the EFTA expressly permits claims to be brought on behalf of a
2  Class of consumers (i.e. any natural persons who used the ATM). 15 U.S.C. § 1693m(a)(2)(B); 15
3  U.S.C. § 1693a(5); 12 C.F.R. § 205.2(e). Additionally, the unlawful conduct at issue violates the
4  California Business and Professions Code. Accordingly, Plaintiff has brought this lawsuit to obtain all
5  appropriate statutory remedies and other relief delineated in the Prayer for the putative consumer
6  Class.

7                                      **II.     THE PARTIES**

8  **A.     Plaintiff.**

9       2.     Plaintiff was a resident of Los Angeles County, California who used Defendants' ATM
10  located at the Palomar Hotel in Los Angeles, California (10740 Wilshire Boulevard, Los Angeles, CA
11  90024) to withdraw $20 on February 23, 2012 and was charged a $2.95 transaction fee.

12  **B.     Defendants.**

13       3.     Plaintiff is informed and believes, and upon such information and belief alleges, that
14  Defendant HOTEL PALOMAR LOS-ANGELES WESTWOOD is an entity that does business in
15  California and owns, operates, manages, and/or franchises a hotel located at 10740 Wilshire Boulevard
16  Los Angeles, CA 90024. Plaintiff is informed and believes, and upon such information and belief
17  alleges, that Defendant KIMPTON HOTEL & RESTAURANT GROUP, LLC is a Delaware limited
18  liability company that does business in California and owns, operates, manages, and/or franchises a
19  hotel located at 12825 Ventura Boulevard, Studio City, CA 91604. Plaintiff is informed and believes,
20  and upon such information and belief alleges, that Defendant NATIONAL LINK, INC. is a California
21  corporation that owns, operates, and manages the ATM machine located at 10740 Wilshire Boulevard
22  Los Angeles, CA 90024.

23       4.     Plaintiff does not know the true names or capacities of the persons, or entities, sued
24  herein as DOES 1 to 20, and therefore, sues such defendants by such fictitious names. Plaintiff is
25  informed and believes and thereon alleges that each of the DOE defendants is in some manner legally
26  responsible for the damages suffered by Plaintiff and the members of the Class as alleged herein.
27  Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when
28  they have been ascertained, along with appropriate charging allegations, as may be necessary.

4

III.   JURISDICTION AND VENUE

5.      This Court has jurisdiction over this Complaint, and venue in this Court is proper, pursuant to California Code of Civil Procedure §§ 395 *et seq.*, because Los Angeles County, California is the location where Defendant committed all of its unlawful activities.

6.      Jurisdiction and venue are further proper pursuant to California Code of Civil Procedure §§ 395 et seq. because Defendant resides in Los Angeles County.

IV.   GENERAL ALLEGATIONS

7.      The EFTA was enacted to protect unwary consumers from the types of insufficiently disclosed fees at issue here. More specifically, 15 U.S.C. § 1693 states as follows:

(a) Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers. However, due to the unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions, and intermediaries in electronic fund transfers undefined.

(b) Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights.

8.      Moreover, an electronic fund transfer that is covered by the EFTA includes ATM transactions. 15 U.S.C. § 1693a(6); 15 U.S.C. § 1693b(d)(3)(D)(ii). And, anyone who operates an ATM machine is considered an "automated teller machine operator" that can be held liable under the EFTA. 15 U.S.C. § 1693b(d)(3)(D)(i).

9.      The EFTA prohibits the charging of ATM fees where no notice is posted that same will be charged *"in a prominent and conspicuous location on or at an [ATM] machine..."* 15 U.S.C. § 1693b(d)(3)(B) (emphasis added). The pertinent statutory language states as follows:

(3) Fee disclosures at automated teller machines

(A) In general

The regulations prescribed under paragraph (1) [i.e. 12 C.F.R. § 205 *et seq.*] shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of--

- 3 -

5

(i) the fact that a fee is imposed by such operator for providing the service; and
(ii) the amount of any such fee.

(B) Notice requirements

(i) On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii) On the screen

The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on November 12, 1999, and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

(C) Prohibition on fees not properly disclosed and explicitly assumed by consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

(i) the consumer receives such notice in accordance with subparagraph (B); and
(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

10.    The pertinent implementing regulations for the EFTA likewise contain language indicating notice of ATM fees that will be charged to consumers for conducting transactions is required:

(b) General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
(2) Disclose the amount of the fee.

(c) Notice requirement. To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1) On the machine. Post in a prominent and conspicuous location on or at the automated teller machine a notice that:
(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

- 4 -

1        (ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

2

3        (2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.
4   12 C.F.R. § 205.16.

5

6       11.    In other words, the EFTA imposes two obligations: 1) to disclose any fees charged for

7   conducting transactions on an ATM in a clear and conspicuous location on or at the ATM; and 2) to

8   also post an electronic notice on the screen (or alternatively, through physical documentation).

9   Defendants in this case have indisputably violated prong 1 by not having any written posting or notice

10   of any kind on or near the ATM in question regarding the fees that would or could be charged and

11   which Plaintiff was indeed charged when she used the ATM.  Even if the fees were disclosed

12   electronically on the ATM screen, it is of no moment since prongs 1 and 2 impose independent

13   requirements on Defendants.

14       12.    As stated above, the EFTA imposes strict liability on Defendants for failing to provide

15   the required written notice, which means that Plaintiff and the Class are entitled to statutory damages

16   without having to show any actual monetary damages, or that they relied upon the lack of the

17   mandatory notice in using the relevant ATM. *Burns*, 2006 WL 3754820, at *6.  Plaintiff and the Class

18   do not seek actual damages in this case.

19                     V.    **CLASS ACTION ALLEGATIONS**

20       13.    Plaintiff brings this class action for statutory damages and other relief on behalf of the

21   following Class:

22               All persons residing in California who initiated or engaged in an

23               electronic funds transfer or other electronic transaction at the ATM

24               located at the Palomar Hotel in Los Angeles, California (10740 Wilshire

25               Boulevard, Los Angeles, CA 90024) and who were charged a fee any

26               time within four years preceding the filing of the Complaint and up

27               through the date of Class certification.

28       14.    Excluded from the Class are governmental entities, Defendants, any entity in which

1 Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal
2 representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from
3 the Class is any judge, justice, or judicial officer presiding over this matter and the members of their
4 immediate families and judicial staff.

5      15.    The proposed Class is so numerous that individual joinder of all its members is
6 impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that
7 the total number of Class members is at least in the tens of thousands and members of the Class are
8 numerous and geographically dispersed. While the exact number and identities of the Class members
9 are unknown at this time, such information can be ascertained through appropriate investigation and
10 discovery. The disposition of the claims of the Class members in a single class action will provide
11 substantial benefits to all parties and to the Court.

12      16.    There is a well-defined community of interest in the questions of law and fact involved
13 affecting the Class and these common questions predominate over any questions that may affect
14 individual Class members. Common questions of fact and law include, but are not limited to, the
15 following:

16            a.    Whether Defendants are an ATM operator regarding the specific machine in
17                question;

18            b.    Whether Defendants made the required ATM fee disclosures under the EFTA;

19            c.    Whether Defendants charge fees to Class members improperly under the EFTA
20                due to the absence of required disclosures;

21            d.    Whether the Class should be awarded statutory damages under the EFTA;

22            e.    Whether the Class should be awarded costs and attorneys' fees;

23            f.    Whether the Class is entitled to injunctive relief.

24      17.    Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all
25 members of the Class have been similarly affected by Defendants' common course of conduct since
26 they all were charged fees for using Defendants' ATM despite the fact mandatory disclosures were not
27 provided by Defendants.

28      18.    Plaintiff will fairly and adequately represent and protect the interests of the Class.

1  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.

2  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class

3  and have the financial resources to do so.  Plaintiff has retained counsel who are widely recognized as

4  some of the most successful and effective class action litigators in California.

5      19.     Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a

6  result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available

7  methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all

8  members of the class is impracticable.  Even if individual class members had the resources to pursue

9  individual litigation, it would be unduly burdensome to the courts in which the individual litigation

10 would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system

11 of resolving the controversies engendered by Defendants' common course of conduct.  The class

12 action device allows a single court to provide the benefits of unitary adjudication, judicial economy,

13 and the fair and efficient handling of all class members' claims in a single forum.  The conduct of this

14 action as a class action conserves the resources of the parties and of the judicial system and protects

15 the rights of the class members.  Furthermore, for many, if not most, a class action is the only feasible

16 mechanism that allows an opportunity for legal redress and justice.

17     20.     Adjudication of individual class members' claims with respect to Defendants would, as

18 a practical matter, be dispositive of the interests of other members not parties to the adjudication, and

19 could substantially impair or impede the ability of other class members to protect their interests.

20 ## VI.    FIRST CAUSE OF ACTION

21 ### VIOLATION OF THE ELECTRONIC FUNDS TRANSFERS ACT

22 ### (By Plaintiff and On Behalf of the Class as against all Defendants)

23     21.     Plaintiff incorporates by this reference the allegations contained in the paragraphs

24 above as if fully set forth herein.

25     22.     The EFTA expressly permits claims to be brought on behalf of a Class of consumers for

26 violations of its provisions (i.e. any natural persons who used Defendants' ATM).  15 U.S.C. §

27 1693m(a)(2)(B); 15 U.S.C. § 1693a(5); 12 C.F.R. § 205.2(e).

28     23.     Defendants did not provide written notice of any fees that would be charged to the

1  Class for conducting electronic fund transfers or other electronic transactions "in a prominent and

2  conspicuous location on or at" the ATM in question at the Palomar Hotel in Los Angeles, California

3  (10740 Wilshire Boulevard, Los Angeles, CA 90024). 15 U.S.C. § 1693b(d)(3)(B); 12 C.F.R. §

4  205.16(b), (c).  Yet, Plaintiff and the Class members were all improperly charged such fees for

5  conducting electronic fund transfers and/or other transactions at the pertinent ATM.

6        24.     Due to Defendants' violations of the EFTA, Defendants are liable to Plaintiff and the

7  Class for statutory damages, and Plaintiff/the Class may obtain reasonable attorney's fees and costs for

8  bringing this action. 15 U.S.C. § 1693m.

9                              **SECOND CAUSE OF ACTION**

10                  **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS**

11                              **CODE SECTIONS 17200 ET SEQ.**

12              **(By Plaintiff and On Behalf of the Class as against all Defendants)**

13        25.     Plaintiff incorporates by this reference the allegations contained in the paragraphs

14  above as if fully set forth herein.

15        26.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has

16  lost money or property as a result of Defendants' actions as set forth herein.  Specifically, prior to the

17  filing of this action, Plaintiff used the ATM in question at the Palomar Hotel in Los Angeles,

18  California (10740 Wilshire Boulevard, Los Angeles, CA 90024) to withdraw $20 on February 23,

19  2012 and was charged a $2.95 transaction fee..

20        27.     Defendants' business practices as alleged herein are unlawful because the conduct

21  violates the EFTA, including but not limited to because Defendants do not provide "prominent" or

22  "conspicuous" written postings of fees on or at the ATM that may or will be incurred for conducting

23  electronic fund transfers or other electronic transfers. 15 U.S.C. § 1693b(d)(3)(B); 12 C.F.R. §

24  205.16(b), (c).

25        28.     Defendants' wrongful business practices constituted, and constitute, a continuing

26  course of unlawful conduct since Defendants continue to charge ATM fees in the manner described

27  above.

28        29.     Defendants' wrongful business practices have caused injury to Plaintiff and the Class.

1    30.    Pursuant to section 17203 of the California Business and Professions Code, Plaintiff

2  and the Class seek an order of this court enjoining Defendants from continuing to engage in the

3  unlawful business practices set forth herein.  Plaintiff and the Class also seek an order requiring

4  Defendants to make full restitution of all moneys they wrongfully obtained from Plaintiff and the

5  Class.

6                                        **PRAYER FOR RELIEF**

7        Wherefore, Plaintiff and members of the Class request that the Court enter an order or

8  judgment against Defendants as follows:

9        1.    Certification of the proposed Class and notice thereto to be paid by Defendants;

10       2.    Adjudge and decree that Defendants have engaged in the conduct alleged herein;

11       3.    For restitution and disgorgement under the second cause of action;

12       4.    For an injunction ordering Defendants to cease and desist from engaging in the

13  unlawful practices alleged in the Complaint;

14       5.    For statutory damages, reasonable attorneys' fees, and costs under the provisions of the

15  EFTA or as otherwise may be awarded;

16       6.    For both pre and post-judgment interest at the maximum allowable rate on any amounts

17  awarded;

18       7.    Any and all such other and further relief that this Court may deem just and proper.

19

20  Dated: August 9, 2012                    NEWPORT TRIAL GROUP
                                             A Professional Corporation
21

22                                          By: _____
                                                 Steven R. Telles
23                                               Attorneys for Plaintiff and the Class

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 9, 2012

NEWPORT TRIAL GROUP
A Professional Corporation

By: _____
Steven R. Telles
Attorneys for Plaintiff and the Class

- 10 -
CLASS ACTION COMPLAINT

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Steven R. Telles (SBN 246514) / Victoria C Knowles (SBN277231)<br>NEWPORT TRIAL GROUP<br>895 Dove Street, Suite 425, Newport Beach, CA 92660<br><br>TELEPHONE NO.: 949-706-6464   FAX NO.: 949-706-6469<br>ATTORNEY FOR *(Name)*: Plaintiff and the Class | *FOR COURT USE ONLY*<br><br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>AUG 14 2012<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By M. Vandeman, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles Superior Court
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: West District

CASE NAME:
Loop v Hotel Palomar, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: SC118073 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: H. CHESTER HORN, JR. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09)<br>☐ Insurance coverage (18) | ☐ Construction defect (10)<br>☑ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties       d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence          f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: Two
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 9, 2012

Steven R. Telles                                                                    ▶ *[signature]*
_____                                    _____
(TYPE OR PRINT NAME)                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

13

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

14

| SHORT TITLE: Loop v Hotel Palomar Los-Angeles Westwood | CASE NUMBER | SC118073 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3-5   ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property<br>Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

15

| SHORT TITLE: Loop v Hotel Palomar Los-Angeles Westwood | CASE NUMBER |
|---|---|

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
|  | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
|  | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
|  | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
|  | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
|  | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
|  | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (08)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
|  | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
|  | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
|  | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation  Number of parcels_____ | 2. |
|  | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
|  | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
|  | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
|  | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
|  | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Loop v Hotel Palomar Los-Angeles Westwood | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☑ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

17

| SHORT TITLE: Loop v Hotel Palomar Los-Angeles Westwood | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☑8. ☐9. ☐10. | ADDRESS:<br>10740 Wilshire Blvd. |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90024 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Santa Monica_ courthouse in the _West_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 9, 2012

_Stephen Teller_
(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

18

CASE NO. _____

SC118073

## *NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT*

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

**IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

H. CHESTER HORN, JR.                      Department: ___I___

Santa Monica Courthouse                    ☐    Judge Richard A. Stone
1725 Main Street                                 Beverly Hills Courthouse
Santa Monica, CA 90401                          Department WE-X
                                                9355 Burton Way
                                                Beverly Hills, CA 90210

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

19

**TIME STANDARDS:**  Cases will be subject to processing under the following time standards:

**COMPLAINTS:**  All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint.  The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed.  (CRC 3.110(b).)

**CROSS-COMPLAINTS:**  No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court.  Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action.  (CRC 3.110(c).)

**APPLICABLE RULES:**  Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 3 Civil Division Rules, and California Rules of Court relating to civil case management.  These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE:**  A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party.  (Government Code Section 68616, subdivision (i); Local Rule 7.5.)

**PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE:** Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1)   Resolving any discovery disputes and setting a discovery schedule;

(2)   Identifying and, if possible, informally resolving any anticipated motions;

(3)   Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4)   Identifying the facts and issues in the case that are in dispute;

(5)   Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6)   Determining whether settlement is possible;

(7)   Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(8)   Other relevant matters.

2 0

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)  Whether there are any related cases;

(2)  Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)  Whether any additional parties may be added or the pleadings may be amended;

(4)  Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)  Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)  Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)  Whether an early settlement conference should be scheduled and, if so, on what date;

(8)  Whether discovery has been completed and, if not, the date by which it will be completed;

(9)  What discovery issues are anticipated;

(10)  Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)  Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)  Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)  Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

21

(14)    If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)    The estimated length of trial;

(16)    The nature of the injuries;

(17)    The amount of damages, including any special or punitive damages;

(18)    Any additional relief sought;

(19)    Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)    Any other matters that should be considered by the Court or addressed in its Case Management Order.

**SANCTIONS:** The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines. Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

**This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules. Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.**

JOSEPH S. BIDERMAN, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM -7/26/11

EXHIBIT 2

RECEIVED

AUG 2 3 2012

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 14 2012

John A. Clarke, Executive Officer/Clerk

By M. Vandeman, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Hotel Palomar Los-Angeles Westwood, an entity of unknown form;
Kimpton Hotel & Restaurant Group, LLC, a limited liability company;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMIE LOOP, individually, and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

CASE NUMBER:
*(Número del Caso):* SC118078

1725 Main Street, Santa Monica, CA  90401
West District

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Newport Trial Group, 895 Dove Street, Suite 425, Newport Beach, CA  92660

DATE: AUG 14 2012   JOHN A. CLARKE, CLERK
*(Fecha)*

Clerk, by ___ M. Vandeman ___, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Kimpton Hotel & Restaurant Group LLC, a limited liability company

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit "2"

23

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Loop v Hotel Palomar, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

National Link, Inc., a California corporation; and DOES 1-20, Inclusive

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

24

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV12- 8177 ODW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✗] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

Copy

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> JAMIE LOOP, individually, and on behalf of all other similarly situated | DEFENDANTS HOTEL PALOMAR LOS-ANGELES WESTWOOD, an entity of unknown form; KIMPTON HOTEL & RESTAURANT GROUP, LLC, a limited liability company; NATIONAL LINK, INC., a California corporation; and DOES 1 to 20, Inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Newport Trial Group <br> 895 Dove Street, Suite 425 <br> Newport Beach, CA  92660 <br> Tele: (949) 706-6464 <br> Fax:  (949) 706-6469        (Attorneys for Plaintiff) | Attorneys (If Known) Attorneys for Kimpton Hotel & Restaurant Group, LLC, etc. <br> Gregory L. Torres   (SBN 221817) <br> Knapp, Petersen & Clarke <br> 550 North Brand Blvd., Suite 1500 <br> Glendale, CA  91203-1922 <br> Tele: (818) 547-5000 <br> Fax:  (818) 547-5329 |

| II. BASIS OF JURISDICTION (Place an X in one box only.) | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.) | | | | |
|---|---|---|---|---|---|
| | | PTF | DEF | | PTF DEF |
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State  ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4  ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State  ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5  ☐ 5 |
| | | Citizen or Subject of a Foreign Country  ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6  ☐ 6 |

| IV. ORIGIN (Place an X in one box only.) |
|---|
| ☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge |

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No        ☒ MONEY DEMANDED IN COMPLAINT: $ t.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Alleged violation of the Electronic Funds Tansfer Act, 15 U.S.C. 1693, et seq., and California Business & Professions Code 17200, et seq.

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-08177

| FOR OFFICE USE ONLY:     Case Number: |
|---|
| **AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.** |

CV-71 (05/08)                                **CIVIL COVER SHEET**                        Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Kimpton Hotel & Restaurant Group, LLC, is a Delaware limited liability company; Defendant National Link, Inc. is a California corporation; Unknown as to the remaining defendant. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date September 21, 2012

Gregory L. Torres

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com